IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WAYNE A. TRIPP,**

  **Plaintiff,**

  v.              **CASE NO. 25-3042-JWL**

**D. HUDSON, et al.,**

  **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

  Plaintiff Wayne A. Tripp is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter Before the Court**

  Plaintiff, a federal prisoner, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is currently being held at FCI-Milan in Milan, Michigan, but his claims arose during his detention at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"), formerly named USP Leavenworth ("USPL"). Plaintiff initiated this action in the Southern District of Illinois. (Docs. 1 and 2.) On March 14, 2025, the Southern District of Illinois transferred the action to this Court. (Doc. 5.) Plaintiff has been granted leave to proceed in forma pauperis. (Doc. 8.)

  Plaintiff alleges that Officer Goldsmith at FCIL endangered his life by labeling him a snitch. Plaintiff states that Goldsmith and Officer Early came to his cell on January 21, 2022, and, while standing on the gallery, Goldsmith said in a loud voice that the guys in Cell 111 (Plaintiff's cell) were snitches. Plaintiff asserts that this caused him to fear for his safety. (Doc. 1, at 21.)

1

Goldsmith allegedly returned to Plaintiff's cell on or about February 2, 2022, and asked, "Which one is Tripp?" Plaintiff came to the door, and Goldsmith said, "Keep my fucking name out of your legal mail. If you think you are gonna use my name to be transferred, that ain't gonna get it. If I said you were a snitch, then writing grievances makes it worse! My family works here. My name holds weight so keep my fucking name out of your legal mail." *Id*. at 16.

The Complaint also makes conclusory claims, such as, "There was so much that within the time I spent within those interiors at the U.S.P. Leavenworth which in my mind was dangerous I asked for those cameras to be held and reviewed" and "I should not have been housed at the U.S.P. Leavenworth without being found guilty of any crime." *Id*. at 6, 8. Neither are supported by additional factual allegations.

Plaintiff names as defendants D. Hudson, Warden of FCIL; (fnu) Armeilo, Associate Warden; (fnu) Keller, Captain; (fnu) Goldsmith, Unit Officer; (fnu) Early, Unit Officer; (fnu) DeGhenhardt, Grievance Officer; and (fnu) Chinn, Counselor.[1] It is not clear from the Complaint what relief Plaintiff is seeking. He mentions wanting either to be housed at a medical facility due to his "traumatic disorders" or to be released to home confinement immediately. *Id*. at 8. Plaintiff does not mention monetary relief. However, Plaintiff also attaches administrative complaints that he filed at FCIL and FCI Marion. There, he mentions that he wants to be transferred from FCIL to another facility and states that he will seek monetary damages in court. *Id*. at 16, 21, 27.

**II. Legal Standards**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are

---

[1] The Court notes that Donald Hudson is no longer the warden at FCIL.

legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Complaint is subject to dismissal for the following reasons.

### A. Lack of factual allegations/lack of alleged constitutional violation

The Complaint before the Court fails to allege sufficient facts to state a plausible claim for relief. As noted above, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. Plaintiff alleges that Goldsmith called him a snitch, but he does not describe who else was present and heard the statement, what legal right Plaintiff believes was violated, and what harm Plaintiff believes he suffered as a result of Goldsmith's statement.

The Complaint also includes several other defendants. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Because the Complaint does not mention a specific constitutional right Plaintiff believes was violated or set forth each defendant's allegedly unconstitutional actions with specificity, it is impossible for the Court "to ascertain what particular unconstitutional acts" each defendant is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). Thus, Plaintiff has failed to clearly "isolate the allegedly unconstitutional acts of each defendant." *See Twombly*, 550 U.S. at 565 n.10.

In response to Plaintiff's grievance appeal, the Administrative Remedy Coordinator of the North Central Regional Office states that Plaintiff's appeal was "vague/general" and that he needed to provide more specific information. (Doc. 1, at 30.) Plaintiff's Complaint suffers from the same deficiency and is subject to dismissal for that reason.

**B. Problems with requested relief**

Plaintiff requests transfer to a different facility or release to home confinement and may be seeking monetary damages.

Plaintiff's request for transfer from FCIL is obviously moot since he is currently at FCI-Milan. If he is seeking transfer to a Bureau of Prisons medical facility, prisoners "have no constitutionally protected interest to serve their sentences in a particular institution, or to be transferred or not transferred from one institution to another." *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Olim v. Wakinekona,* 461 U.S. 238, 249–50 (1983); *Overturf v. Massie,* 385 F.3d 1276, 1279 (10th Cir. 2004). Furthermore, Plaintiff has provided no specific factual allegations demonstrating any reasons for such a transfer.

5

Plaintiff's request to be immediately released to home confinement is not properly brought in a civil rights action. Claims that seek "either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting" are "the types of claims cognizable under [28 U.S.C.] § 2241." *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012); *Wills v. Barnhardt*, 2022 WL 4481492, *3 (10th Cir. Sept. 27, 2022) (unpublished) (noting that a challenge to the denial of early release from federal incarceration is a claim properly brought under 28 U.S.C. § 2241). Thus, if Plaintiff seeks to be released, he should file a petition for writ of habeas corpus pursuant to § 2241. Release from physical imprisonment is not a remedy available in the current *Bivens* action.

If Plaintiff is seeking monetary damages, his request fails because he has not claimed that he suffered any physical injury. *See* 42 U.S.C. § 1997e(e). Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's claim for compensatory damages is subject to dismissal.

Even more fundamentally, Plaintiff does not have a cause of action for monetary damages under *Bivens*, as explained below.

### C. No *Bivens* remedy

The U.S. Supreme Court has permitted, in extremely limited circumstances, a damages claim against a federal officer in his individual capacity for a deprivation of constitutional civil rights. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("In *Bivens* - proceeding on the theory that a right suggests a remedy – [the United States Supreme] Court 'recognized for the first time

6

an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'") (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 68 (2001)).  To state a *Bivens* claim, a plaintiff must allege the violation of a constitutional right by a federal officer acting under color of federal authority.  *Bivens*, 403 U.S. at 389.

In *Bivens*, the Supreme Court "held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures" under the Fourth Amendment.  *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).  Since *Bivens*, the Supreme Court has recognized a *Bivens* remedy in *only two* other cases: *Davis v. Passman*, 442 U.S. 228 (1979) and *Carlson v. Green*, 446 U.S. 14 (1980).

The Supreme Court has made it clear that expanding the *Bivens* remedy beyond the already recognized contexts is a "disfavored judicial activity." *Abbasi*, 582 U.S. at 135 (quotations omitted).  Therefore, a plaintiff may proceed on a *Bivens* action only if the Court determines the action survives a two-part inquiry.  First, the Court must determine whether the claim arises under a new *Bivens* context.  If not, the claim may be brought under *Bivens*.  However, if the claim involves a new context, the Court may create a new *Bivens* remedy only if there are no special factors counseling hesitation against the creation of such a remedy. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).

As to the first part of the inquiry, the test is whether "the case is different in a meaningful way from previous *Bivens* cases decided by [the United States Supreme] Court[.]" *Abbasi*, 582 U.S. at 139.  In other words, courts should determine whether the claims at issue differ meaningfully from "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary [based on her gender]; and

7

a claim against prison officials for failure to treat an inmate's asthma [resulting in his death]." *Id.* at 140.  Therefore, it is not merely a question of whether a plaintiff's claim arises under the Fourth, Fifth, or Eighth Amendment.  "A claim may arise in a new [*Bivens*] context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."  *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020).

Plaintiff has not shown that a *Bivens* remedy is available for his claim.  The Tenth Circuit recently noted that the Supreme Court "is on course to treating *Bivens* as a relic of the 20th century" and that "[t]his development has been gradual, but relentless."  *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024), *rehr'g denied* (Apr. 5, 2024).  The Tenth Circuit in *Logsdon* found that:

> Without explicitly overruling its three acknowledged precedents, the [Supreme] Court has shown an increasing willingness to distinguish them, now stating that the ultimate question to ask when determining whether the courts should recognize a *Bivens* cause of action not created by Congress is ordinarily only "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 492, 142 S. Ct. 1793, 213 L.Ed.2d 54 (2022). And the circumstances in which the answer to the question is "no" appears to comprise a null set. *See id.* at 503, 142 S. Ct. 1793. (Gorsuch, J., concurring) ("When might a court *ever* be 'better equipped' than the people's elected representatives to weigh the 'costs and benefits' of creating a cause of action? It seems to me that to ask the question is to answer it. To create a new cause of action is to assign new private rights and liabilities—a power that is in every meaningful sense an act of legislation."); *see also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) ("[W]e are left in no doubt that expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is impermissible in virtually all circumstances." (quoting *Egbert*, 596 U.S. at 491, 142 S. Ct. 1793) (citation omitted)). The Court has said in effect that almost any difference between the case at hand and the three Court precedents can justify rejecting a cause of action. *See Egbert,* 596 U.S. at 503, 142 S. Ct. 1793 (Gorsuch, J., concurring) ("Candidly, I struggle to see how this set of facts differs meaningfully from those in *Bivens* itself.").

8

> And, perhaps even more striking, the Court has justified a departure from those precedents even when the facts are virtually the same if the government can provide a reason for not recognizing a cause of action that was not considered in the applicable precedent. Thus, in *Egbert* itself the Court considered an excessive-force claim, similar to the one in *Bivens*, against a federal officer. *See Egbert*, 596 U.S. at 495, 142 S. Ct. 1793 ("*Bivens* and this case do involve similar allegations of excessive force and thus arguably present almost parallel circumstances or a similar mechanism of injury." (internal quotation marks omitted)). But it held that the court of appeals erred by recognizing a cause of action under *Bivens*, distinguishing *Bivens* based on facts that have no bearing on the elements of an excessive-force claim: the incident arose in the "border-security context," and Congress had created remedies for misconduct by government agents. *See id.* at 494, 142 S. Ct. 1793. Given such hurdles placed in the way of a *Bivens* cause of action, Mr. Logsdon has no claim.

*Id*. at 1355–56.

The Tenth Circuit in *Logsdon* found that "[a] second independent ground for not recognizing a *Bivens* action . . . is that the availability of alternative remedies for misconduct . . . suggests that this court should not be the institution to create a remedy." *Id*. at 1359. "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. (quoting *Egbert*, 596 U.S. at 493). The Tenth Circuit quoted *Egbert* as follows:

> "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Id.* at 498, 142 S. Ct. 1793 (internal quotation marks omitted).

*Id*.

In *Silva*, the Tenth Circuit held that the Bureau of Prison's Administrative Remedy Program ("ARP") was adequate. *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022)

9

(finding that the key takeaway from *Egbert* is "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs'") (citation omitted); *see also Noe v. United States Gov't*, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023) ("We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva* . . . the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two.").

In *Silva*, the Tenth Circuit had little difficulty in concluding "that the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring.'" *Silva*, 45 F.4th at 1141 (citation omitted). The *Silva* court found that "because *Bivens* 'is concerned solely with deterring the unconstitutional acts of individual officers,'. . . the availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose Plaintiff's *Bivens* claim." *Id*. (citing *Egbert*, 596 U.S. at 498 (quoting *Malesko*, 534 U.S. at 71)).

Based on the reasoning set forth in the recent Tenth Circuit opinions cited above, the Court finds that Plaintiff fails to state a claim for relief under *Bivens*.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 5, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 7, 2025, in Kansas City, Kansas.**

                                        **S/ John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**